THEODORE S. JENKINS, Respondent, *v.* WILLIAM E. DEAN, Appellant.

*Supreme Court, Second Department, General Term, December* 9, 1889.

1. *Action. Accounting.*—An accounting of the profits of a contract may be taken in a legal action, when necessary to ascertain the amount of compensation due for services.
2. *Same. When brought.*—An action against a contractor to recover a share of the profits arising from a contract for work may be brought after the performance of the work, though all the payments therefor have not been made to him.

Motion for new trial on exceptions ordered to be heard at the general term in the first instance.

Action brought by plaintiff, as the assignee of one Holmes, of a claim for services rendered for defendant, under an agreement by which he was to receive one-third of the net profits of certain contracts for work on sewers.

*William N. Dykman,* for appellant.

*James Edward Graybill,* for respondent.

BARNARD, P. J.—This was a legal action. The evidence shows that one W. L. Holmes had a contract with the city of New York for the construction of certain sewers. The defendant agreed with Holmes to furnish all tools, machinery and money needed to perform the work. The agreement provided that the defendant should receive a fair compensation for the use of the tools and machinery and two-thirds of the net profits of the work. Holmes was to be the superintendent under defendant, and was to receive one-third of the net profits of the work for his services. Holmes assigned to the plaintiff his claim to the one-third profits provided by the agreement as the means of compensation for his services. It may be necessary to take an account of the profits to reach the amount of compensation, but the accounting is only a means by which the value of the work claimed is to be ascertained. The objections, therefore, that there were no facts to warrant an equitable rendering, and no facts stated in the complaint sufficient to make a cause of action, were properly overruled. It appeared on the trial that this action had been commenced while certain percentages of work done had been retained by the city of New York.

It was conceded at the trial that there had been paid for one sewer $24,425.55 and $14,177.25 for another by the city of New York, and that the last payment completed the payments for the work, and this was made nearly a year before the trial. The disbursements for the Eleventh avenue sewer were shown to have been $20,220.08 and $14,542.34 for the other. This left a balance of $4,008.46, out of which was to come the cost of the use of the tools and machinery. It was the subject of dispute as to the accounts whether an item of $407 was properly charged among the disbursements of the

work. It is also the subject of dispute as to the fair value of the use of the tools and machinery furnished by the defendant.

Under this state of the proof the judge charged the jury to find as to the disputed item of disbursement and as to the use of the tools, to correct the apparent balance in accordance with the finding as to the disbursement, and to deduct from the resulting figures so made the use of the tools and machinery, and to find for the plaintiff one-third of the remainder if there should be any. This was in accordance with justice.

The defendant had received some of the money after action commenced, but the effect of that was to make certain a calculation which without it would have been more difficult to ascertain. The cause of action was good when it was commenced. All the work had been done. The money had not all been paid over. The case is stronger than Everson *v.* Powers, 89 N. Y. 527, when the court of appeals permitted a plaintiff to recover when the action was brought for a breach of an entire contract for services before the term of service was ended, but the term had ended before the time of the trial. The court stated the rule of damages to be the same as it would be in case of the commencement of the action after the term had ended.

The judgment should, therefore, be affirmed, with costs.

PRATT, J. concurs.